# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4683 | **DATE** | December 29, 2011 |
| **CASE TITLE** | Jermaine D. Carpenter vs. Dorothy Brown | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [22] is granted in part and denied in part. To the extent Plaintiff seeks money damages against Defendant in her official capacity, such claims are dismissed. Plaintiff's remaining claims may proceed. His motion for leave to file a second amended complaint [39] is granted. Defendant is directed to answer the second amended complaint within 30 days of the date of this order.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff Jermaine Carpenter ("Plaintiff") was released from prison in 2009, at which time he was committed as a sexually violent person ("SVP") at the Rushville Treatment and Detention Center. He filed the instant 42 U.S.C. § 1983 action against Dorothy Brown, Clerk of the Circuit Court of Cook County ("Defendant"), alleging that she denied him access to the courts. Plaintiff asserts that he filed a state habeas petition in the Cook County Circuit Court challenging his commitment. Despite his repeated requests to Defendant to file his petition as a separate case, she instead filed it as a *pro se* motion in his commitment proceedings. Plaintiff contends that Defendant's actions has caused his petition to lay dormant for over two years without any action. His amended complaint requested money damages and any other relief available. Plaintiff's recently filed second amended complaint states the same allegations of his prior complaints, but clarifies that he seeks both damages and injunctive relief and that he seeks to sue Defendant in both her individual and official capacities.

     Currently before the Court is Defendant's motion to dismiss. She contends that, as an elected state official, the Eleventh Amendment, as well as 42 U.S.C. § 1983, prevent her from being sued in her official capacity. With respect to Plaintiff's individual-capacity claim, Defendant contends that Plaintiff alleges no personal involvement to support such a claim. Plaintiff has responded and has also submitted a second amended complaint, which, as noted above, clarifies his claims and provides updated information that his state habeas petition has still not been addressed. The Court will thus allow Plaintiff's second amended complaint. Although allowing an amended complaint usually results in the denial of a motion to dismiss a prior complaint as moot, because Plaintiff's second amended complaint adds no new claims but merely clarifies previously raised claims, Defendant's motion to dismiss applies to the new complaint, and the Court will thus address the motion.

     When considering a motion to dismiss, a court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therfrom, in a light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or determine a plaintiff's ultimate ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). However, if a plaintiff pleads facts demonstrating that he has no claim, dismissal of the complaint is proper. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

     With respect to Defendant's contention that she cannot be sued for damages in her official capacity, she is correct. The Supreme Court of Illinois has held that "the clerk of the circuit court is a nonjudicial member of the judicial branch of State government and not a county officer," i.e., that she is a state official. *Drury v. McLean*

*County*, 433 N.E.2d 666, 669 (Ill. 1982); *see also Bolden v. Westamerica Mortg. Co.*, No. 97 C 4476, 1998 WL 704165 at *3 (N.D. Ill. Sept. 29, 1998) (Plunkett, J.) ("[u]nder Illinois law, the Clerk of the Circuit Court of Cook County is a state, not a county, official"). A suit against a state official in his or her official capacity is not a suit against the official, but rather is considered a suit against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus applies and bars any claim for damages against Defendant in her official capcity. *See Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992); *Gregory v. TCF Bank*, No. 09 C 5243, 2009 WL 4823907 at *4 (N.D. Ill. Dec. 10, 2009) (Zagel, J.) (holding that Cook County Circuit Court Clerk Dorothy Brown was a state official entitled to Eleventh Amendment immunity for claims against her in her official capacity). Also, Defendant, in her official capacity, is not a "person" under § 1983. *Will*, 491 U.S. at 64 and 71.

Although Defendant may not be sued in her official capacity for damages, she can be sued in that capacity for prospective, injunctive relief. *Nelson v. Miller*, 570 F.3d 868, 883 (7th Cir. 2009), citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment does not bar claims against state officials in their official capacities when only prospective relief is sought); *see also Will*, 491 U.S. at 71, n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") Plaintiff contends in his second amended complaint that he has a state petition pending in the Cook County Circuit Court that has not been addressed for over a year. (Doc. #40, Second Amended Compl. at 4) (Plaintiff explains that he voluntarily dismissed his first state habeas petition and, through counsel, filed a second petition which has "lain dormant" for over a year.) Plaintiff may pursue against Defendant in her official capacity a claim for prospective relief, i.e. to have his state habeas petition docketed in such a way that it may be addressed by the state court.

Accordingly, Plaintiff's claim for money damages against Defendant in her official capacity is dismissed, but his claim against her for injunctive relief may proceed.

Turning to Plaintiff's individual-capacity claim, Defendant correctly notes that Plaintiff must demonstrate that she was personally involved in some way with his state habeas petition not being heard. Vicarious liability does not exist in § 1983 actions, and the Defendant may be liable in her individual capacity only for her own misconduct. *Arnett v. Webster*, 658 F.3d 742, 757-58 (7th Cir. 2011). "However, an official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at h[er] direction or with h[er] knowledge and consent." *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *see also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's most senior officials were personally "responsible for creating the policies, practices and customs that caused the constitutional deprivations ... suffice at this stage in the litigation to demonstrate ... personal involvement"). Plaintiff's allegations about how state habeas petitions for civilly committed persons are docketed suggest a policy or practice for which Defendant may be responsible. A more developed record may demonstrate that she has no control over such docketing procedures, but the court cannot make such a determination at this stage.

Additionally, Plaintiff alleges in both his amended and second amended complaints that he wrote letters to Defendant complaining that his state habeas petition was docketed in a way that prevented it from being addressed. Although letters to a supervisory official may not be enough at trial or in response to a summary judgment motion to establish personal knowledge and/or involvement by Defendant, *see Johnson v. Snyder*, 444 F.3d 579, 583-84 (7th Cir. 2006) (letters to a supervisory official were insufficient to establish personal knowledge), such allegations are enough at this stage to infer personal involvement. If the proper defendant is the deputy court clerk who docketed Plaintiff's petitions, as Defendant contends, then she must remain as a party so that Plaintiff may conduct discovery to learn who the individual clerk was.

Defendant further argues that dismissal is proper because she is protected by absolute quasi-judicial immunity. "Absolute immunity does not extend to all positions simply 'because they are part of the judicial function.'" *Snyder v. Nolen*, 380 F.3d 279, 286-87 (7th Cir. 2004), quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). The Seventh Circuit in *Snyder* articulated two situations where absolute judicial immunity has been extended to court clerks: (1) "when a traditional judicial function that involves the exercise of discretion" has been delegated" to the court's clerk and (2) when the clerk's act was undertaken at the direction of a judge. *Snyder*, 380 F.3d at 287-89. The Court cannot determine from Plaintiff's complaint that Defendant's alleged action

| STATEMENT |
|---|
| falls within one of these two categories. The current record thus does not allow this Court to dismiss Defendant based upon immunity. Should the record support such a defense, Defendant may raise this argument in a summary judgment motion.<br><br>      Accordingly, for the reasons stated above, Plaintiff's second amended complaint is allowed. His claims therein for money damages against Defendant in her official capacity are dismissed. Plaintiff may proceed with his claims for injunctive relief against Defendant in her official capacity, as well as claims against her in her individual capacity. Defendant shall answer the second amended complaint within 30 days of the date of this order. |